1  Jonathan Gross (State Bar No. 122010)
   jgross@bishop-barry.co
2  Vivian L. Lerche (State Bar No. 149984)
   vlerche@bishop-barry.com
3  BISHOP | BARRY | DRATH
   2000 Powell Street, Suite 1425
4  Emeryville, California 94608
   Telephone: (510) 596-0888
5  Facsimile:  (510) 596-0899

6  *Attorneys for Plaintiff*
7  ZURICH AMERICAN INSURANCE COMPANY

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11 ZURICH AMERICAN INSURANCE         Case No.:
   COMPANY,
12
              Plaintiff,             **COMPLAINT FOR EQUITABLE
13                                   INDEMNITY, CONTRIBUTION,
       vs.                           SUBROGATION AND DECLARATORY
14                                   RELIEF**
   ACE AMERICAN INSURANCE
15 COMPANY,                          1. **Equitable Indemnity**
                                     2. **Equitable Contribution**
16            Defendant.             3. **Equitable Subrogation**
                                     4. **Declaratory Relief**
17

18     Plaintiff ZURICH AMERICAN INSURANCE COMPANY alleges as follows:

19                      **PARTIES**

20     1.    Plaintiff ZURICH AMERICAN INSURANCE COMPANY ("Zurich American"

21 or "Plaintiff") is, and at all relevant times was, a corporation incorporated under the laws of the

22 State of New York, having its principal place of business in the State of Illinois, and which has at

23 all pertinent times been licensed to do business as an insurer in the State of California.

24     2.    Defendant ACE AMERICAN INSURANCE COMPANY ("ACE" or

25 "Defendant") is, and at all relevant times was, a corporation incorporated under the laws of the

26 State of Pennsylvania, having its principal place of business in the State of Pennsylvania.

27                      **JURISDICTION**

28     3.    This is a civil action of which this Court has original jurisdiction under 28 U.S.C.

§1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because the defense and indemnity costs sought by Zurich American regarding the underlying actions exceed this sum.  There are three Underlying Actions as follows:

      a.    *Maria Arriaga, et al. v. Jacobs Engineering Group, Inc., et al.*, Sacramento County Superior Court case number 34-2009-00059503 (the "*Arriaga* action");

      b.    *Ella K. Cooper v. City of El Paso de Robles, et al.*, San Luis Obispo County Superior Court case number CV 098360 (the "*Cooper* action");

      c.    *Jason Limon v. Jacobs Engineering Group, Inc., et al.*, San Luis Obispo County Superior Court case number CV 098167 (the "*Limon* action").

(The *Arriaga* action, the *Cooper* action and the *Limon* action shall collectively be referred to herein as the "Underlying Actions.")

4.    Zurich American paid the amount of or about $2,200,000.00 to settle the *Arriaga* action.  The settlement amount consisted of immediate payments of lump sum cash plus the purchase of three annuity contracts for periodic payments to each of the three plaintiffs in the *Arriaga* action.  Zurich American also paid attorneys' fees and costs to defend the County of San Luis Obispo (the "County") and the San Luis Obispo County Flood Control and Water Conservation District (the "District") in the *Arriaga* action.  Plaintiff seeks recovery of, *inter alia*, the underlying settlement and defense fees and costs of the *Arriaga* action.

5.    Zurich American paid the amount of or about $400,000.00 to settle the *Cooper* action.  The settlement amount consisted of an immediate payment of lump sum cash plus the purchase of an annuity contract for periodic payments to the plaintiff in the *Cooper* action.  Zurich American also paid attorneys' fees and costs to defend the County and the District in the *Cooper* action.  Plaintiff seeks recovery of, *inter alia*, the underlying settlement and defense fees and costs of the *Cooper* action.

6.    Zurich American paid the amount of or about $75,000 to settle the *Limon* action.  Zurich American also paid attorneys' fees and costs to defend the County and the District in the

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

2

1   *Limon* action.  Plaintiff seeks recovery of, *inter alia*, the underlying settlement and defense fees

2   and costs of the *Limon* action.

3         7.      The settlement amounts alone in the Underlying Actions total over $2.6 million. In

4   addition to seeking recovery of the amounts expended to settle the Underlying Actions, Plaintiff

5   also seeks recovery of, *inter alia*, the defense fees and costs expended to defend the County and

6   the District in the Underlying Actions.  Accordingly, in this action Plaintiff seeks damages in

7   excess of the $75,000 jurisdictional minimum as a legal certainty.

8         8.      Complete diversity of citizenship exists in that Plaintiff Zurich American is a

9   corporation incorporated under the laws of the State of New York and has its principal place of

10  business in the State of Illinois; Defendant ACE is a corporation incorporated under the laws of

11  the State of Pennsylvania and has its principal place of business in the State of Pennsylvania.

12  **THE UNDERLYING ACTIONS**

13        9.      Zurich American is informed and believes, and thereupon alleges, that the three

14  Underlying Actions arose out of an accident which occurred on or about October 2, 2008, at the

15  intersection of South River Road and Niblick, in the City of El Paso de Robles, County of San

16  Luis Obispo, State of California, while three employees of Zurich American's Named Insured,

17  Teichert, Inc. ("Teichert"), were working on the installation of a 30" pipe line through the

18  intersection.

19        10.     Teichert was a contractor working on the Project.  Jacobs Civil, Inc., a subsidiary

20  of Jacobs Engineering Group, Inc. (collectively, "Jacobs"), was the engineer and construction

21  manager for the Project.[1]

22        11.     Zurich American is informed and believes, and thereupon alleges, that the October

23  2, 2008 accident which gave rise to the Underlying Actions occurred when Teichert's employees,

24  Manuel Arriaga, a.k.a., Manuel Villá Gomez ("Arriaga"), Jason Gaines ("Gaines") and Jason

25  Limon ("Limon"), were working in a 10' deep trench during the construction of the Nacimiento

26  Water Project which was designed to deliver water from Lake Nacimiento to communities in

27

28  [1] Subsequently, Jacobs Engineering Group, Inc., became the construction manager by assignment from Jacobs Civil, Inc., to Jacobs Engineering Group, Inc.

BISHOP | BARRY | DRATH
2000 POWELL STREET  SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

South San Luis Obispo County (the "Project").  The Project included laying approximately 45 miles of transmission pipeline ranging in size from 12" to 36" in diameter.

12.     Zurich American is informed and believes, and thereupon alleges, that Arriaga, Gaines and Limon were assisting with the installation of a 30" underground pipeline at the time of the accident.  As they were performing this work, an excavator was digging additional portions of the trench in front of them.  The excavator accidentally severed a high-pressure water line which flooded the trench.  Arriaga and Gaines drowned during this incident.  Limon survived, but alleges that he sustained physical and emotional injuries during this incident.

13.     **The *Arriaga* action:**  On or about October 2, 2009, the Arriaga heirs filed the *Arriaga* action in Sacramento County Superior Court alleging wrongful death.  The Complaint in the *Arriaga* action alleged, *inter alia*, that the County and the District, *et al.*, drew and prepared plans and specifications for, supervised and retained control over the construction of the Project; yet, they failed to supervise procedures and/or subordinates.  Furthermore, contracts provided that Jacobs Engineering Group, Inc., and Jacobs Civil, Inc. (collectively, "Jacobs") will be the District's representative during the construction of the Project. The *Arriaga* Complaint alleged that Jacobs, the County and the District, *et al.*, issued Contract Change Order number 004 which changed the path of the pipeline from the location of approximately 400 feet east of the intersection of South River Road and Niblick to a location passing through the intersection.  It is further alleged that the original contract documents for the Project did not contain drawings of said intersection and did not show the location of the water line which was severed during excavation; the subsequent Change Order failed to identify the location of this subsurface water line.  Additionally, the *Arriaga* Complaint alleged that Steven Arrington, the Resident Project Representative (an authorized representative of Jacobs), had the right and power to control the construction, including stopping the excavation prior to breaking the water line; but, failed to stop or keep stopped the excavation when people were in imminent danger of suffering injury or death, failed to ascertain that the decedent Arriaga and other workers were within the pipe in the subsurface trench, failed to ensure the location and field marking for the water line prior to the re-commencement of the excavation, failed to require timely "potholing" to properly locate the

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

4

1  waterline, failed to require and implement proper safety procedures, and failed to warn of the

2  concealed hazardous condition.

3         14.    **The *Cooper* action**: On or about September 8, 2009, Gaines' heir filed the

4  *Cooper* action alleging wrongful death. Plaintiff Ella K. Cooper was Gaines' minor daughter.

5  The *Cooper* Complaint alleged that, *inter alia*, the public entity defendants (the City, the County

6  and the District), failed to provide Teichert with a map of the intersection which showed the

7  presence of a waterline and/or that were inconsistent with other maps for the Project, failed to

8  otherwise warn of the presence of a waterline, failed to have an employee present for the daily

9  walk-through of the site on the night of the incident, failed to ensure that the water lines in the

10  vicinity of the work being performed were shut down, failed to supervise the work at the

11  intersection to ensure that no digging would be performed in the vicinity of utility lines, failed to

12  ensure that no excavation would take place when individuals were inside pipes in the vicinity of

13  the digging, and pressured Teichert to rush its work because the project was behind schedule.

14  Additionally, the *Cooper* Complaint alleged that, *inter alia*, Jacobs provided Teichert with maps

15  which did not show the presence of a waterline through the intersection and/or that were

16  inconsistent with other maps for the Project, negligently advised Teichert that they could

17  commence excavation at the location of the incident, failed to recognize the presence of the

18  waterline through the intersection when reading the map on the night of the incident, failed to

19  supervise the work to ensure that no excavation was performed in the vicinity of utility lines, and

20  when individuals were inside pipes in the vicinity of the digging, failed to stop Teichert from

21  continuing the excavation when it was unsafe to do so, pressured Teichert to rush its work

22  because the Project was behind schedule, and failed to provide adequate warnings of the presence

23  of the waterline.

24         15.    **The *Limon* action**: On or about May 7, 2009, Limon filed the *Limon* action

25  alleging personal injury sustained during the accident of October 2, 2008. A First Amended

26  Complaint was filed on or about July 18, 2009. The First Amended Complaint contained general

27  allegations that that Jacobs and the County failed to take sufficient measures to prevent the

28  rupture of a water pipe in the intersection of South River Road and Niblick Road which resulted

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

in the injuries to Limon and the death of his co-workers.

## THE CONSTRUCTION CONTRACTS

16.   **The Jacobs Management Agreement:**  On or about November 14, 2006, the District entered into an Agreement with Jacobs for Construction Management Services for the Project (the "Management Agreement").

17.   In the Management Agreement, Jacobs is identified as the "MANAGER" and the San Luis Obispo County Flood Control and Water Conservation District is identified as the "DISTRICT." [Management Agreement, p.1, preamble.]

18.   Pursuant to the Management Agreement, Jacobs' duties and obligations included "Safety Management" and "Risk Management."   [Management Agreement, p.2, ¶1, Exh. A, Task 2, p. 17, subd. 2.21-2.22.]

19.   Pursuant to the Management Agreement, Jacobs' duties and obligations also included "Coordinated Potholing" and "Quality Control, Inspection and Testing." [Management Agreement, p.2, ¶1, Exh. A, Task 2, p. 9, subd. 2.4-2.5.]

20.   Paragraph 7 of the Management Agreement provided that Jacobs shall procure Commercial General Liability insurance with single limit coverage applying to bodily and personal injury, including death resulting therefrom, in the total amount of $5,000,000. Additionally, the District and the County shall be named as Additional Insureds in the policy. Specifically, Paragraph 7 provides, in relevant part, as follows:

> **7. Insurance.** MANAGER shall procure the following required insurance coverages at its sole cost and expense... [¶] b. Commercial General Liability (CGL): Manager shall maintain in full force and effect for the period covered by this AGREEMENT, Commercial General Liability insurance including the following coverages: [¶] 1. Personal Injury and Bodily Injury, including death resulting therefrom.... the amount of insurance shall not be less than the following: single limit coverage applying to bodily and personal injury, including death resulting therefrom,... in the total amount of Five Million Dollars ($5,000,000.00)...[¶] the following endorsements must be provided in the CGL policy:...[¶] 6. The DISTRICT and the County of San Luis Obispo ("County"), and either of their officers, employees and agents shall be named as additional insureds under the policy. The policy shall provide that the insurance will operate as primary insurance with respect to the MANAGER'S scope of work. No other insurance affected by the DISTRICT or County whether commercial or self-insurance will be called upon to contribute to a loss hereunder....

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
Fax No. (510) 596-0899

1  [Management Agreement, pp. 6-8, ¶7.]

2      21.     Paragraph 8 of the Management Agreement provided that Jacobs shall indemnify

3  the District for any claims that arise out of Jacobs' intentional or negligent acts relating to the

4  performance of its duty, obligation or work under the Management Agreement.  Specifically,

5  Paragraph 8 provides, in relevant part, as follows:

6          **8.   Indemnification of DISTRICT.**  … MANAGER shall to the fullest
           extent permitted by law, defend, indemnify and hold harmless the
7          DISTRICT, its officers and employees, from all claims, demands,
           damages, costs, expenses, judgments, attorney fees, liabilities or other
8          losses (hereinafter collectively "claims"), that arise out of or are made in
           connection with MANAGER'S errors or omissions, breach of contract,
9          intentional misconduct, or negligent acts relating to the performance of
           any duty, obligation, or work hereunder.  The above obligation to defend,
10         indemnify, and hold harmless shall be effective and shall extend to all
           such claims in their entirety, even when such claims or losses arise from
11         the comparative negligence of the DISTRICT, its officers, agents, and
           employees...
12
    [Management Agreement, pp. 8-9, ¶8.]
13
        22.     Paragraph 9 of the Management Agreement provided that Jacobs shall indemnify
14
    the County for any claims that arise out of Jacobs' intentional or negligent acts relating to the
15
    performance of its duty, obligation or work under the Management Agreement.  Specifically,
16
    Paragraph 9 provides, in relevant part, as follows:
17
18         **9.   Indemnification of County.**  Each and every term and provision of
           paragraph 8 above is hereby incorporated herein by reference, as though
19         fully set forth herein, with the word "DISTRICT" being replaced with
           "County of San Luis Obispo," so that MANAGER shall defend,
20         indemnify, and hold harmless the County pursuant to said terms and
           conditions as so amended.
21
    [Management Agreement, p. 10, ¶9.]
22
        23.     **The Teichert Construction Agreement:**  On or about August 28, 2007, the
23
    District entered into an Agreement with Teichert to perform construction services related to the
24
    installation of a pipeline for the Project (the "Construction Agreement").
25
        24.     In the Construction Agreement, Teichert is identified as the "CONTRACTOR"
26
    and the San Luis Obispo County Flood Control and Water Conservation District is identified as
27
    the "DISTRICT." [Construction Agreement, p. 00500-1, preamble.]
28
        25.     A set of General Conditions are incorporated into the Construction Agreement.

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

On Page 00700-7 of the General Conditions, it states that the "ENGINEER" is defined as the "Construction Manager, a designated representative of the District" and named as Jacobs Civil, Inc., a subsidiary of Jacobs Engineering Group, Inc. (collectively, "Jacobs"). [Construction Agreement, General Conditions, pp. 00700-7.]

26.    Paragraph 13.4 of the General Conditions of the Construction Agreement provided that the District (and Jacobs, as its "designated representative") had the right to stop the excavation when it posed eminent injury to persons.  Specifically, Paragraph 13.4 provides, in relevant part, as follows:

> 13.4    DISTRICT MAY STOP THE WORK [¶]  A.  If... the WORK poses imminent injury to persons or damage to property, the DISTRICT may order the CONTRACTOR to stop the work, or any portion thereof, until the cause for such order has been eliminated...

[Construction Agreement, General Conditions, pp. 00700-67, ¶13.4.]

27.    Paragraph 5.2 of the General Conditions of the Construction Agreement provided that Teichert shall procure Comprehensive General Liability insurance with single limit coverage applying to bodily and personal injury, including its employees, in the amount of $25,000,000 each occurrence and $25,000,000 General Aggregate. Additionally, the District, the Engineer and the County shall be named as Additional Insureds under the policy.  Specifically, Paragraph 5.2 provides, in relevant part, as follows:

> 5.2    INSURANCE [¶]  A.  CONTRACTOR shall maintain at all times beginning with the inception of their Agreement...[¶] Comprehensive General Liability insurance on an occurrence basis, providing coverage for a combined single limit for bodily injury, personal injury, including its employees... of at least $25,000,000 for each occurrence and $25,000,000 General Aggregate.... CONTRACTOR shall cause the policy to be endorsed, effective as of the Effective Date of the Agreement by the insurance company providing coverage to include the following items:[¶] a.  DISTRICT, ENGINEER, DESIGNER, County and any others required in the contract documents shall be named as "additional insureds" under the policy per ISO form CG2010-1185 or acceptable equivalent...

[Construction Agreement, General Conditions, pp. 00700-26 - 00700-27, ¶5.2.]

28.    Paragraph 6.15.A of the General Conditions of the Construction Agreement provided that Teichert shall indemnify the District for any claims that arise out of Teichert's acts or omissions relating to the performance of its duty, obligation or work under the Construction

BISHOP | BARRY | DRATH
2000 POWELL STREET  SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

COMPLAINT FOR EQUITABLE INDEMNITY, CONTRIBUTION, SUBROGATION AND DECLARATORY RELIEF

Agreement. Specifically, Paragraph 6.15.A provides, in relevant part, as follows:

6.15    INDEMNIFICATION [¶] A. <u>Indemnification of DISTRICT.</u> … CONTRACTOR shall to the fullest extent permitted by law, defend, indemnify and hold harmless the DISTRICT, and its officers, agents and employees, from all claims, demands, costs, expenses, judgments, attorney fees, liabilities or other losses (hereinafter [for purposes of this paragraph 6.15 only] collectively "claims"), that arise out, are made in connection with, or relate in any way to any act or omission of CONTRACTOR relating to this Agreement or the performance of any duty, obligation or work hereunder. The preceding sentence shall be effective and shall extend to all claims in their entirety, either when such claims or losses arise from the joint, concurring or contributory negligence of the District, its officers, agents, employees, or any other persons or entities...

[Construction Agreement, General Conditions, pp. 00700-40 - 00700-41, ¶6.15.A.]

29.    Paragraph 6.15.B of the General Conditions of the Construction Agreement provided that Teichert shall indemnify the County for any claims that arise out of Teichert's acts or omissions relating to the performance of its duty, obligation or work under the Construction Agreement. Specifically, Paragraph 6.15.B provides, in relevant part, as follows:

6.15    INDEMNIFICATION [¶] B. <u>Indemnification of County.</u> … Each and every term and provision of Paragraph 6.15.A above (including all subparagraphs thereunder) is hereby incorporated herein by reference, as though fully set forth herein, with the word "DISTRICT" being replaced with "County of San Luis Obispo," so that CONTRACTOR shall defend, indemnify, and hold harmless the County pursuant to said terms and conditions as so amended.

[Construction Agreement, General Conditions, p. 00700-42, ¶6.15.B.]

## **INSURANCE CONTRACTS**

30.    **The Zurich American Policy**: Zurich American issued Commercial General Liability policy number GLO 03437182-06, effective April 1, 2008 to April 1, 2009, to Teichert (the "Zurich American Policy"). The Zurich American Policy contained Additional Insured Endorsements in compliance with Teichert's obligations under the Construction Agreement.

31.    The Zurich American Policy provides coverage for a "suit" seeking damages because of "bodily injury" caused by an "occurrence" under the terms set forth in Coverage A of Section I - Commercial General Liability Coverages, and the other terms, exclusions, conditions and limitations of the Zurich American Policy.

32.    The Zurich American Policy contains a Condition transferring the rights of an

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

insured to Zurich American to recover all or part of any payment made by Zurich American under the Commercial General Liability Coverage Part.  Specifically, paragraph **8** of **Section IV - Commercial General Liability Conditions**, provides, in relevant part, as follows:

> **8.     Transfer Of Rights Of Recovery Against Others To Us [¶]** If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.  The insured must do nothing after loss to impair them.  At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

[Zurich American Policy, ¶8, Section IV - Commercial General Liability Conditions, p. 12, Form CG 00 01 10 01.]

33.     Pursuant to paragraph **8** of **Section IV - Commercial General Liability Conditions** of the Zurich American Policy, all rights of Teichert, Jacobs, the District, and the County, have been transferred to Zurich American to recover all or part of any payment made by Zurich American under the Commercial General Liability Coverage Part.

34.     The Zurich American Policy contains an Other Insurance Condition (Paragraph **4.b.** of **Section IV - Commercial General Liability Conditions**) which provides, in relevant part, as follows:

> **4.     Other Insurance [¶]** if other valid and collectible insurance is available to the insured for a loss which we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:... [¶] **b. Excess Insurance...**

[Zurich American Policy, ¶4.b., Section IV - Commercial General Liability Conditions.]

35.     The Zurich American Policy also contains Endorsement Form CG 20 32 07 04 entitled "Additional Insured – Engineers, Architects or Surveyors Not Engaged By The Named Insured."  The Endorsement Schedule specifically identifies:  "Any engineers, architects or surveyors, while not engaged by you, whom you are required to add as an additional insured on this policy under a written contract or agreement, executed prior to the loss."  The relevant terms of Form CG 20 32 07 04 are as follows:

> **A.     Section II – Who Is An Insured** is amended to include as an additional insured the architects, engineers or surveyors shown in the Schedule, but only with   respect to liability for 'bodily injury', 'property damage' or 'personal injury and advertising injury' caused in whole or part, by:

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

1          1.     Your acts or omissions; or

2          2.     The acts or omissions of those acting on your behalf;

3    In the performance of your ongoing operations performed by you or on your behalf.

Such architects, engineers or surveyors, while not engaged by you, are contractually required to be added as an additional insured to your policy.

**B.**    With respect to the insurance afforded to these additional insureds, the following additional exclusion applies:

This insurance does not apply to 'bodily injury', 'property damage' or 'personal injury and advertising injury' arising out of the rendering of or failure to render any professional services, including:

          1.     The preparing, approving, or failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

          2.     Supervisory, inspection or engineering services.

36.    The Zurich American Policy also includes Endorsement Form CG.20 26 07 04, entitled "Additional Insured – Designated Person Or Organization." This Form contains a Schedule that reads as follows: "Any and all persons or organizations that the named insured is required to add as an additional insured in a written contract, provided the written contract was executed prior to any loss that is subject to this endorsement" is an additional insured for "bodily injury... caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf [¶] A. In the performance of your ongoing operations..."

37.    **The ACE Policy**: Zurich American is informed and believes, and thereupon alleges, that ACE issued Commercial General Liability policy number HDO G23741295 to Jacobs (the "ACE Policy").

38.    Zurich American is further informed and believes, and thereupon alleges, that the District and the County are Additional Insureds under the ACE Policy.

39.    Zurich American is informed and believes, and thereupon alleges, that (consistent with its Named Insured Jacob's obligations under the Management Agreement), the Additional Insured Endorsement or Endorsements under the ACE Policy provides broad coverage to the District and the County, including the duty to defend and indemnify the District and the County,

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

1  for all claims, demands, damages, costs, expenses, judgments, attorney fees, liabilities or other

2  losses that arise out of or are made in connection with Jacob's errors or omissions, breach of

3  contract, intentional misconduct, or negligent acts relating to the performance of any duty,

4  obligation, or work under the Management Agreement, even when such claims or losses arising

5  from the comparative negligence of the District or the County.

6  **THE TENDERS**

7      40.    Zurich American is informed and believes, and thereupon alleges, that, on or about

8  April 9, 2009, the District and the County tendered their defense and indemnity to ACE in each of

9  the Underlying Actions: the *Arriaga* action, the *Cooper* action and the *Limon* action, and that a

10  "re-tender" was made to ACE on or about August 17, 2009.

11      41.    Zurich American further is informed and believes, and thereupon alleges, that, on

12  or about April 9, 2009, the District and the County tendered their defense and indemnity to Jacobs

13  in each of the Underlying Actions: the *Arriaga* action, the *Cooper* action and the *Limon* action,

14  and that a "re-tender" was made to Jacobs on or about August 17, 2009.

15  **THE WRONGFUL DENIALS**

16      42.    Zurich American is informed and believes, and thereupon alleges, that ACE has a

17  duty to defend and indemnify its Additional Insureds, the District and the County, in each of the

18  Underlying Actions; but, ACE wrongfully denied the tenders of the District and the County upon

19  the contention that Teichert was solely responsible for the damages alleged in each of the

20  Underlying Actions.

21      43.    Zurich American is further informed and believes, and thereupon alleges, that

22  ACE has a duty to indemnify Jacobs for the costs of the defense and indemnity of the District and

23  the County which Jacobs agreed to pay pursuant to Paragraph 8 and Paragraph 9 of the

24  Management Agreement.

25      44.    Zurich American is informed and believes, and thereupon alleges, that the

26  allegations in the *Arriaga* action state that Teichert was not solely negligent, and that Jacobs was

27  comparatively (or entirely) negligent, as it related to the injuries and damages alleged in that case.

28  For example, the *Arriaga* Complaint alleged that Jacobs (individually and as the authorized

BISHOP | BARRY | DRATH
2000 POWELL STREET  SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

representatives for the County and the District) drew and prepared plans and specifications for,

supervised and retained control over, the construction of the Project; yet, Jacobs failed to

supervise procedures and/or subordinates.  The *Arriaga* Complaint further alleged that Jacobs

(individually and as the authorized representatives for the County and the District) issued

Contract Change Order number 004 which changed the path of the pipeline from the location of

approximately 400 feet east of the intersection of South River Road and Niblick to a location

passing through the intersection; but, failed to provide Teichert with drawings or other markings

to show the location of the water line which was severed during the excavation. Additionally, the

*Arriaga* Complaint alleged that Jacobs had the right and power to control the construction,

including stopping the excavation prior to breaking the water line; but, failed to stop or keep

stopped the excavation even when people were in imminent danger of suffering injury or death.

Furthermore, the *Arriaga* Complaint alleged that Jacobs failed to ascertain that the decedent

Arriaga and other workers were within the pipe in the subsurface trench, failed to ensure the

location and field marking for the water line prior to the re-commencement of the excavation,

failed to require timely "potholing" to properly locate the waterline, failed to require and

implement proper safety procedures, and failed to warn of the concealed hazardous condition.

Accordingly, in light of the allegations and the evidence in the *Arriaga* action, ACE had duties to

defend and indemnify the District and the County upon the basis that the claims, demands,

damages, costs, expenses, attorney fees, liabilities or other losses allegedly arose out of or were

made in connection with Jacob's errors or omissions, breach of contract, intentional misconduct,

or negligent acts relating to the performance of Jacobs' duty, obligation, or work under the

Management Agreement.

45.     Zurich American is informed and believes, and thereupon alleges, that the

allegations in the *Cooper* action state that Teichert was not solely negligent, and that Jacobs was

comparatively (or entirely) negligent, as it related to the injuries and damages alleged in that case.

For example, the *Cooper* Complaint alleged that the County and the District (and Jacobs as their

authorized representative) failed to provide Teichert with a map of the intersection which showed

the presence of a waterline and/or that were inconsistent with other maps for the Project, failed to

BISHOP | BARRY | DRATH
2000 POWELL STREET  SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

otherwise warn of the presence of a waterline, failed to have an employee present for the daily
walk-through of the site on the night of the incident, failed to ensure that the water lines in the
vicinity of the work being performed were shut down, failed to supervise the work at the
intersection to ensure that no digging would be performed in the vicinity of utility lines, failed to
ensure that no excavation would take place when individuals were inside pipes in the vicinity of
the digging, and pressured Teichert to rush its work because the project was behind schedule.
Additionally, the *Cooper* Complaint alleged that Jacobs, individually, provided Teichert with
maps which did not show the presence of a waterline through the intersection and/or that were
inconsistent with other maps for the Project, negligently advised Teichert that they could
commence excavation at the location of the incident, failed to recognize the presence of the
waterline through the intersection when reading the map on the night of the incident, failed to
supervise the work to ensure that no excavation was performed in the vicinity of utility lines, and
when individuals were inside pipes in the vicinity of the digging, failed to stop Teichert from
continuing the excavation when it was unsafe to do so, pressured Teichert to rush its work
because the Project was behind schedule, and failed to provide adequate warnings of the presence
of the waterline. Accordingly, in light of the allegations in the *Cooper* action, ACE has duties to
defend and indemnify the District and the County upon the basis that the claims, demands,
damages, costs, expenses, attorney fees, liabilities or other losses allegedly arose out of or were
made in connection with Jacob's errors or omissions, breach of contract, intentional misconduct,
or negligent acts relating to the performance of Jacobs' duty, obligation, or work under the
Management Agreement.

46.    Zurich American is informed and believes, and thereupon alleges, that the
allegations in the *Limon* action state that Teichert was not solely negligent, and that Jacobs was
comparatively (or entirely) negligent, as it related to the injuries and damages alleged in that case.
For example, the First Amended Complaint in the *Limon* action contained general allegations that
that Jacobs and the County failed to take sufficient measures to prevent the rupture of a water
pipe in the intersection of South River Road and Niblick Road which resulted in the injuries to
Limon and the death of his co-workers. Accordingly, in light of the allegations in the *Limon*

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. No. (510) 596-0888
FAX No. (510) 596-0899

1  action, ACE had duties to defend and indemnify the District and the County upon the basis that

2  the claims, demands, damages, costs, expenses, attorney fees, liabilities or other losses allegedly

3  arose out of or were made in connection with Jacob's errors or omissions, breach of contract,

4  intentional misconduct, or negligent acts relating to the performance of Jacobs' duty, obligation,

5  or work under the Management Agreement.

6  **FIRST CLAIM FOR RELIEF**

7  **(Equitable Indemnity)**

8      47.    Zurich American incorporates herein by reference paragraphs 1 through 46 as

9  though fully set forth herein.

10      48.    Zurich American has incurred attorney's fees, court costs, investigative costs and

11  other costs in connection with defending the District and the County in the *Arriaga* action.

12      49.    The *Arriaga* action was subsequently settled in or about December, 2009, for a

13  total of or about $2,500,000.00.  The Settlement Agreement, executed on June 11, 2010, consisted

14  of immediate payments of lump sum cash plus the purchase of three annuity contracts for periodic

15  payments to each of the three plaintiffs in the *Arriaga* action.  Zurich American paid the amount

16  of or about $2,200,000.00 towards the settlement of the *Arriaga* action (following Teichert's

17  payment of the $300,000.00 balance of its Self-Insured Retention).

18      50.    Zurich American has also incurred attorney's fees, court costs, investigative costs

19  and other costs in connection with defending the District and the County in the *Cooper* action.

20      51.    The *Cooper* action was subsequently settled in or about December, 2009, for a

21  total of or about $400,000.00.  The Settlement Agreement, executed in May, 2010, consisted of

22  an immediate payment of lump sum cash plus the purchase of an annuity contract for periodic

23  payments to the plaintiff in the *Cooper* action.  Zurich American paid the amount of or about

24  $400,000.00 towards the settlement of the *Cooper* action.

25      52.    Additionally, Zurich American has incurred attorney's fees, court costs,

26  investigative costs and other costs in connection with defending the District and the County in the

27  *Limon* action.

28      53.    The *Limon* action was subsequently settled in or about December, 2009, for a total

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

15

1   of or about $75,000.  The Settlement Agreement, executed on December 21, 2009, consisted of

2   an immediate payment of lump sum cash payment of $75,000.00 to the plaintiff and his attorney

3   in the *Limon* action.  Zurich American paid the amount of or about $75,000.00 towards the

4   settlement of the *Limon* action.

5       54.    Zurich American alleges that it is not legally responsible, in part or in whole, for

6   the indemnification of the District and the County for the damages allegedly sustained by any and

7   each of the Underlying Plaintiffs, and that ACE is liable, in part or in whole, for the

8   indemnification of the District and the County for the damages allegedly sustained by each of the

9   Underlying Plaintiffs.

10      55.    Zurich American further alleges that it is not solely responsible for the defense of

11  the District and the County in the three Underlying Actions and that ACE is liable, in part or in

12  whole, for the attorney's fees, court costs, investigative costs and other costs in connection with

13  defending the District and the County in each of the three Underlying Actions.

14      56..   Zurich American's disproportionate payment of the entirety of the attorney's fees,

15  court costs, investigative costs and other costs in connection with defending the District and the

16  County in each of the three Underlying Actions, and Zurich American's disproportionate payment

17  of the entirety of the amounts to settle each of the three Underlying Actions, is due to the

18  wrongful conduct of ACE in denying any duty to defend or indemnify the District and the County

19  in each of the three Underlying Actions.

20      57.    ACE's wrongful conduct includes, but is not limited to, ACE's breaches of its

21  Insurance Contract with its Additional Insureds, the District and the County, for its failure to

22  defend the District and the County against the claims in each of the three Underlying Actions: the

23  *Arriaga* action, the *Cooper* action and the *Limon* action.

24      58.    ACE's wrongful conduct includes, but is not limited to, ACE's failure to

25  indemnify Jacobs for the costs of the defense and indemnity of the District and the County which

26  Jacobs agreed to pay pursuant to Paragraph 8 and Paragraph 9 of the Management Agreement.

27      59.    The above acts of ACE were the proximate cause of Zurich American's

28  disproportionate payment of the entirety of the attorney's fees, court costs, investigative costs and

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

1   other costs in connection with defending the District and the County in each of the three

2   Underlying Actions. Therefore, Zurich American is entitled, and it would be fair, to be equitably

3   indemnified by ACE by reimbursement, in part or in whole, for the attorney's fees, court costs,

4   investigative costs and other costs paid by Zurich American in connection with defending the

5   District and the County in each of the three Underlying Actions and by reimbursement, in part or

6   in whole, for the amounts paid to settle each of the three Underlying Actions.

7        60.    Zurich American is entitled to complete indemnification by ACE for the attorney's

8   fees, court costs, investigative costs and other costs in connection with defending the District and

9   the County in each of the three Underlying Actions, and for the amounts paid by Zurich American

10   to settle the Underlying Actions, as the Zurich American Policy was excess and the ACE Policy

11   was primary in its obligation to defend and indemnify the District and the County in each of the

12   three Underlying Actions.

13        61.    Alternatively, if Zurich American is found to be responsible for any of the

14   attorney's fees, court costs, investigative costs and other costs in connection with defending the

15   District and the County in each of the three Underlying Actions, and/or any amount paid to settle

16   the Underlying Actions, then Zurich American is entitled to partial indemnity and judgment

17   against ACE in a fair and equitable amount proportionate to the amount of Zurich American's

18   financial responsibility for such expenditures that exceed its portion of responsibility.

19   **SECOND CLAIM FOR RELIEF**

20   **(Equitable Contribution)**

21        62.    Zurich American incorporates herein by reference paragraphs 1 through 61 as

22   though fully set forth herein.

23        63.    ACE's wrongful conduct also includes, but is not limited to, ACE's negligence

24   and breaches of the Insurance Contract between ACE and its Additional Insureds, the District and

25   the County, in denying any duty to defend or indemnify the District and the County in each of the

26   three Underlying Actions.

27        64.    ACE's wrongful conduct also includes, but is not limited to, ACE's negligence

28   and breaches of its Insurance Contract for failure to indemnify Jacobs for the costs of the defense

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

1   and indemnity of the District and the County which Jacobs agreed to pay pursuant to Paragraph 8

2   and Paragraph 9 of the Management Agreement.

3       65.    The above acts of ACE were the proximate cause of Zurich American's

4   disproportionate payments of the entirety of the attorney's fees, court costs, investigative costs

5   and other costs in connection with defending the District and the County in each of the three

6   Underlying Actions, and Zurich American's disproportionate payment of the entirety of the

7   amounts paid to settle the Underlying Actions. Therefore, Zurich American is entitled to

8   equitable contribution from ACE by reimbursement, in part or in whole, for the attorney's fees,

9   court costs, investigative costs and other costs paid by Zurich American in connection with

10   defending the District and the County in each of the three Underlying Actions and by

11   reimbursement, in part or in whole, of the amounts paid by Zurich American to settle the

12   Underlying Actions.

### THIRD CLAIM FOR RELIEF

### (Equitable Subrogation)

15       66.    Zurich American incorporates herein by reference paragraphs 1 through 65 as

16   though fully set forth herein.

17       67.    Zurich American paid a disproportionate amount of attorney's fees, court costs,

18   investigative costs and other costs in connection with defending its Additional Insureds, the

19   District and the County, in each of the three Underlying Actions.

20       68.    Zurich American also paid a disproportionate amount to settle each of the three

21   Underlying Actions in satisfaction of any duty to indemnify its Additional Insureds, the District

22   and the County, in the Underlying Actions.

23       69.    Zurich American's disproportionate payments are due to the negligence and the

24   breaches of the Insurance Contract between ACE and its Additional Insureds, the District and the

25   County, in denying any duty to defend or indemnify the District and the County in each of the

26   three Underlying Actions.

27       70.    Zurich American's disproportionate payments are also due to ACE's negligence

28   and breaches of its Insurance Contract for failure to indemnify Jacobs for the costs of the defense

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

COMPLAINT FOR EQUITABLE INDEMNITY, CONTRIBUTION, SUBROGATION AND DECLARATORY RELIEF

1    and indemnity of the District and the County which Jacobs agreed to pay pursuant to Paragraph 8

2    and Paragraph 9 of the Management Agreement.

3        71.    Zurich American is subrogated to the rights of its Additional Insureds, the District

4    and the County, with respect to the wrongful denial by ACE of its duties to defend and indemnify

5    the District and the County in each of the three Underlying Actions.

6        72.    As a subrogee of both the District and the County, Zurich American is entitled to

7    the benefits of the Insurance Contract with ACE, and entitled to recover all damages, including

8    but not limited to damages arising out the breaches of contract, breaches of the implied covenant

9    of good faith and fair dealing, negligence or breaches of statutory duties of ACE for its failure to

10   defend and indemnify the District and the County against the claims in each of the three

11   Underlying Actions.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Relief)**

13       73.    Zurich American incorporates herein by reference paragraphs 1 through 72 as

15   though fully set forth herein.

16       74.    An actual controversy has arisen and now exists between Zurich American and

17   ACE relating to the legal duties and obligations of ACE with respect to the defense and indemnity

18   of the District and the County against the claims in each of the three Underlying Actions.  A

19   declaratory judgment is necessary in that Zurich American contends, and ACE denies, that ACE

20   has any or all responsibility for payment of the attorney's fees, court costs, investigative costs and

21   other costs in connection with defending the District and the County in each of the three

22   Underlying Actions, and for payment of the amounts expended to settle the Underlying Actions.

23       75.    Wherefore, Zurich American prays for a declaratory judgment against ACE as

24   follows:

25       a.    That ACE is held liable and responsible for the payment of the attorney's fees,

26             court costs, investigative costs and other costs in connection with defending the

27             District and the County in each of the three Underlying Actions and shall

28             reimburse Zurich American for the entire amount paid to defend the District and

BISHOP | BARRY | DRATH
2000 POWELL STREET SUITE 1425
EMERYVILLE, CALIFORNIA 94608
TEL. NO. (510) 596-0888
FAX NO. (510) 596-0899

19

the County in each of the three Underlying Actions or in a fair and equitable amount proportionate to the amount of Zurich American's financial responsibility for such expenditures that exceeds its portion of responsibility;

b.     That ACE is held liable and responsible for the payment of the amounts expended to settle each of the three Underlying Actions and shall reimburse Zurich American for the entire amount paid or in a fair and equitable amount proportionate to the amount of Zurich American's financial responsibility for such expenditures that exceeds its portion of responsibility.

WHEREFORE, Zurich American prays for judgment as follows:

1.     For a declaration of Zurich American's rights and duties;

2.     For an order of this Court that Zurich American is entitled to be indemnified by, or entitled to contribution from, ACE for attorney's fees, court costs, investigative costs and other costs in connection with defending the District and the County in each of the three Underlying Actions, and for judgment in accordance with such order;

3.     For an order of this Court that Zurich American is entitled to be indemnified by, or entitled to contribution from, ACE and for payment of the amounts expended to settle the three Underlying Actions, and for judgment in accordance with such order;

4.     For attorney's fees, court costs, investigative costs, and other expenses incurred in the prosecution of this Complaint according to proof; and

5.     For such other and further relief as the Court may deem just and proper.

Dated: March 30, 2011                    BISHOP | BARRY | DRATH

By: Jonathan Gross
Vivian L. Lerche
*Attorneys for Plaintiff*
ZURICH AMERICAN INSURANCE COMPANY

COMPLAINT FOR EQUITABLE INDEMNITY, CONTRIBUTION, SUBROGATION AND DECLARATORY RELIEF