IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INS. CO.,

      Plaintiff,                                      No. CIV S-11-0881 KJM-DAD

      vs.

ACE AMERICAN INS. CO.,

      Defendant.                                   <u>ORDER</u>

_____/

          This matter is before the court on the requests to seal documents filed by Jacobs Engineering Group, Inc. ("Jacobs") on February 24, 2012 and March 16, 2012 (Notices of Requests to Seal, ECF 18 & 24). Jacobs seeks to intervene in the above-captioned matter. Plaintiff also requests to remove its opposition to Jacobs's motion to intervene (ECF 20) from the public docket and refile under seal the opposition filed on March 12, 2012 (ECF 23).

          Jacobs is seeking to seal the declarations of Robert Erickson and Charles Beckmann as well as the ACE American Insurance Company Commercial General Liability Policy number HDO G23741295, for the policy period July 1, 2008 to July 1, 2009, issued to Jacobs as the named insured. (ECF 18.) Jacobs relatedly seeks to seal its reply brief in support of its motion to intervene as well as the declaration of Omar Iqbal. (ECF 24.) Jacobs contends that the insurance policy contains "'commercially sensitive, proprietary, financial information

1

and documents... that would be subject to the trade secret privilege.'" (Request to Seal relating to ECF 18, quoting Protective Order.) Plaintiff contends in its response that it did not receive Jacobs's request to seal and attached exhibits until February 28, 2012 and accordingly did not have sufficient time to analyze and respond to the request. (ECF 19.) As such, plaintiff maintains that it "reserves the right to move to unseal" these documents. (*Id.*) Jacobs further maintains that its reply brief "contains commercially sensitive, confidential information concerning the nature of the insurance arrangement between Zurich and ACE . . . ." (Request to Seal relating to ECF 24.) Jacobs does not present reasons for sealing the Iqbal declaration.

Plaintiff contends that its opposition contains references to terms and conditions of the insurance policy held between Jacobs and defendant that Jacobs is requesting to seal, and that the opposition should be filed under seal.

There is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[I]f the court decides to seal certain judicial records [after conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).

Jacobs's request to seal the Iqbal declaration, which discusses scheduling disputes with plaintiff, is denied for lack of any justification, compelling or otherwise, for its sealing.

/////

1         Moreover, Jacobs has not shown that compelling reasons exist to seal the ACE
2 American Insurance Company Commercial General Liability Policy number HDO G23741295,
3 for the policy period July 1, 2008 to July 1, 2009, issued to Jacobs as the named insured.
4 "California defines a trade secret as information . . . that: (1) Derives independent economic
5 value . . . from not being generally known to the public . . . and (2) Is the subject of efforts that
6 are reasonable under the circumstances to maintain its secrecy." *Apple Inc. v. Psystar Corp.*, No.
7 C 08-03251 WHA, 2012 U.S. Dist. LEXIS 148, at *3 (N.D. Cal. Jan. 3, 2012) (internal quotation
8 omitted). Although Jacobs contends that the insurance policy is a trade secret, Jacobs does not
9 cite any reasonable efforts to maintain its secrecy, except for the protective order issued after the
10 filing of this case. (*See* Erickson Decl. ¶ 3; Request to Seal at 3.)

11        Accordingly, Jacobs is hereby ordered to show cause, within seven (7) days, why
12 this request should be granted, addressing what steps if any it has taken to maintain the secrecy
13 of the terms of the ACE American Insurance Company Commercial General Liability Policy
14 number HDO G23741295, for the policy period July 1, 2008 to July 1, 2009, issued to Jacobs as
15 the named insured. Jacobs's requests to seal the insurance policy, the Erickson and Beckmann
16 declarations, and its reply are submitted pending its response to this order. Plaintiff's request to
17 remove its opposition from the public docket and refile it under seal is also submitted pending
18 Jacobs's response to this order. Jacobs's request to seal the Iqbal declaration is denied.

19        For the parties' future reference, the court has amended its standing order since
20 the above-captioned case was filed to include the following: No document will be sealed, nor
21 shall a redacted document be filed, without the prior approval of the court. All requests to seal
22 or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders
23 shall not govern the filing of sealed or redacted documents on the public docket. The court will
24 only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party
25 plans to make a filing that includes material an opposing party has identified as confidential and
26 potentially subject to sealing, the filing party shall provide the opposing party with sufficient

1 notice in advance of filing to allow for the seeking of an order of sealing or redaction from the
2 court.
3     In the future, no request to seal shall be considered that does not comply with the
4 above directives.
5     IT IS SO ORDERED.
6 DATED: March 26, 2012.

_____
UNITED STATES DISTRICT JUDGE

4