IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INS. CO.,

    Plaintiff,

vs.

ACE AMERICAN INS. CO.,

    Defendant.

No. CIV S-11-0881 KJM-DAD

<u>ORDER</u>

_____/

        This matter is before the court on the requests to seal filed by proposed intervenor Jacobs Engineering Group, Inc. ("Jacobs") on February 24, 2012, March 16, 2012 and April 2, 2012 (ECF 18, 24 & 27), as well as plaintiff's requests to remove its opposition to Jacobs' motion to intervene (ECF 20) from the public docket and refile under seal the opposition filed on March 12, 2012 (ECF 23). The court previously submitted these requests pending Jacobs' response to the court's order to show cause. (ECF 26.)

I.  <u>ORDER TO SHOW CAUSE</u>

        On March 27, 2012, the court ordered proposed intervenor Jacobs to show cause why its requests to seal filed on February 24, 2012 and March 16, 2012 (ECF 18 & 24) should be granted, addressing what steps if any it has taken to maintain the secrecy of the terms of the ACE American Insurance Company Commercial General Liability Policy number HDO G23741295,

1

for the policy period July 1, 2008 to July 1, 2009, issued to Jacobs as the named insured.  (ECF 26.)  Jacobs filed its response on April 2, 2012.  (Not. of Request to Seal Docs., ECF 27.)

Jacobs contends that the terms of the insurance policy at issue are unique, giving it a competitive position in its market.  (Response to OSC.)  Moreover, Jacobs discusses the steps it has taken to protect the confidentiality of the policy and its terms, including confidentiality agreements, prohibiting photocopying, and restricting access and use in litigation.  (*Id.*)

II.  REQUESTS TO SEAL

As discussed in its response to the order to show cause, Jacobs is seeking to seal the declarations of Robert Erickson and Charles Beckmann as well as the ACE American Insurance Company Commercial General Liability Policy number HDO G23741295, for the policy period July 1, 2008 to July 1, 2009, issued to Jacobs as the named insured.  (ECF 18.[1])  Jacobs relatedly seeks to seal its reply brief in support of its motion to intervene.  (ECF 24.)  Jacobs contends that the insurance policy itself contains "'commercially sensitive, proprietary, financial information and documents . . . that would be subject to the trade secret privilege.'"  (Request to Seal relating to ECF 18, quoting Protective Order.)  Jacobs further maintains that its reply brief "contains commercially sensitive, confidential information concerning the nature of the insurance arrangement between Zurich and ACE . . . ."  (Request to Seal relating to ECF 24.)

Jacobs seeks to seal its response to the order to show cause and the supporting declaration of Robert Erickson because they "discuss sensitive, confidential commercial information." (Request to Seal relating to ECF 27.)

/////

/////

---

[1] While Jacobs' requests are based on the protective order filed in this case, that protective order governs discovery between and among the parties and not the filing of documents with the court.  (ECF 16.)  The court applies its Local Rules and relevant case law in resolving the pending requests.

1  Plaintiff notes that its opposition contains "minor references to terms and
2 conditions" of the insurance policy held between Jacobs and defendant that Jacobs is requesting
3 to seal, and requests that its opposition be filed under seal.  (ECF 23.)
4  There is a presumption in favor of public access to court records.  *See Phillips v.*
5 *Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial records is
6 not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
7 The Ninth Circuit has distinguished between the public's interest in accessing court records filed
8 in connection with nondispositive and dispositive motions.  *See Phillips*, 307 F.3d 1206; *Foltz v.*
9 *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1172; *In*
10 *re Midland Nat'l Life Ins. Co.*, 2012 U.S. App. LEXIS 15334 (9th Cir. Jul. 25, 2012).
11  To seal documents filed in connection with a dispositive motion, parties must
12 show there are "compelling reasons" for doing so.  *Kamakana*, 447 F.3d at 1180, 1182 ("[T]he
13 proponent of sealing bears the burden with respect to sealing.").  To demonstrate compelling
14 reasons, a party is "required to present articulable facts identifying the interests favoring
15 continued secrecy and to show that these specific interests [overcome] the presumption of access
16 by outweighing the public interest in understanding the judicial process."  *Id.* at 1181 (internal
17 citations, quotation marks, and emphasis omitted).  "When sealing documents attached to a
18 dispositive pleading, a district court must base its decision on a compelling reason and articulate
19 the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.* at 1182 (internal
20 citation, quotation marks, and emphasis omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605
21 F.3d 665, 679 (9th Cir. 2007, amended 2010), *cert. denied*, *Experian Info. Solutions, Inc. v.*
22 *Pintos*, ___ U.S. ___, 131 S.Ct. 900 (2011) (vacating and remanding district court's denial of
23 sealing where court applied good cause standard to documents filed in connection with summary
24 judgment motions).  "In general, 'compelling reasons' sufficient to outweigh the public's interest
25 in disclosure and justify sealing court records exist when such 'court files might become a
26 vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.*

On the other hand, parties seeking to file documents under seal in connection with a nondispositive motion must show "good cause" for sealing. *Kamakana*, 447 F.3d at 1180; *In re Midland*, 2012 U.S. App. LEXIS 15334, at *7 ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citing *Foltz*, 331 F.3d at 1138)). The presumption of public access is rebutted by a showing of good cause because "of the weaker public interest in nondispositive materials," *Pintos*, 605 F.3d at 678, and "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public [by issuing a protective order] would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Phillips*, 307 F.3d at 1213 (addressing intervenor's request to access confidential settlement information produced during discovery under protective order); *see also Foltz*, 331 F.3d at 1135; *Pintos*, 605 F.3d at 678 (discussing parties' interest in keeping sealed discovery documents under seal in light of the public's lesser interest in nondispositive motions); *Kamakana*, 447 F.3d at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result . . . . If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1210-11 (citations omitted).

Here, issuance of the protective order under which the parties seek to seal the discovery documents at issue did not involve the court "'identify[ing] and discuss[ing] the factors it considered in its "good cause" examination to allow appellate review of the exercise of its discretion,'" *Foltz*, 331 F.3d at 1130 (quoting *Phillips*, 307 F.3d at 1212); rather, the parties

4

stipulated to a protective order, which the magistrate judge adopted in full.  *See Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("[B]ecause the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection [for specific documents at issue].").  As in *Foltz*, there is no indication here that the protective order was issued after the parties showed the court specific discovery documents that would satisfy Rule 26(c)'s good cause standard.  *Foltz*, 331 F.3d at 1131.  Because the present motion to intervene is not dispositive, in that it will not affect the outcome of this suit and is "not directly relevant to the merits of the case," *id.* at 1180; *see In re Midland*, 2012 U.S. App. LEXIS 15334, at *8-9 (court must look to nature of specific motion at issue to determine whether it is dispositive for purposes of sealing),[2] the court considers whether the parties have shown good cause for sealing the documents at issue.

        Jacobs has shown that good cause exists to seal the ACE American Insurance Company Commercial General Liability Policy number HDO G23741295, for the policy period July 1, 2008 to July 1, 2009, issued to Jacobs as the named insured.  The record currently before the court supports the conclusion that the policy itself appears to qualify as a trade secret.  *See* Erickson Decl. ¶¶ 3-5; Beckmann Decl. ¶¶ 2-4; *cf. Apple Inc. v. Psystar Corp.*, No. C 08-03251 WHA, 2012 U.S. Dist. LEXIS 148, at *3 (N.D. Cal. Jan. 3, 2012) ("California defines a trade secret as information . . . that: (1) Derives independent economic value . . . from not being generally known to the public . . . and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." (quotation marks and citation omitted)).  Likewise,

---

[2] The court recognizes that reasonable courts may disagree as to whether a motion to intervene is dispositive but in the absence of direction from the Ninth Circuit determines that the motion in this instance is not dispositive.  *Cf. Los Cangris v. UMG Recordings, Inc.*, CIVIL NO.: 10-1349 (JAG),  2012 U.S. Dist. LEXIS 75154, at *18 n.5 (D.P.R. May 30, 2012) (assembling split of authority regarding whether motion to intervene is dispositive within meaning of Federal Rule of Civil Procedure 72(a)); *Nat'l Res. Def. Council v. Gutierrez*, No. C 01-0421 JL, 2007 U.S. Dist. LEXIS 40895, at *5 (N.D. Cal. May 22, 2007) (suggesting motion to intervene is dispositive given need for parties' consent for magistrate judge resolution; citing *People Who Care v. Rockford Bd. of Educ.*, 171 F.3d 1083, 1089 (7th Cir. 1999)).

1  Jacobs has shown good cause exists for redacting those portions of the initial Erickson and
2  Beckmann declarations and the Erickson declaration supporting its response to the order to show
3  cause that discuss the policy, and filing the unredacted versions of these documents under seal.
4  Specifically, the portions to be redacted are as follows:
5         ¶ 5 of the initial Erickson declaration;
6         ¶ 7, lines 10-11, after "enforce these rights," of the initial Erickson declaration;
7         ¶ 5 of the Beckmann declaration; and
8         ¶ 6, lines 24-25, last sentence, of the Erickson declaration support Jacobs'
9            response.
10         Furthermore, Jacobs's request to file a copy of its reply under seal is granted, as is
11  plaintiff's request to remove its opposition (ECF 20) from the docket and refile a copy of it under
12  seal; however, Jacobs and plaintiff shall also file their reply and opposition, respectively, on the
13  public docket with redaction of only the limited information concerning the policy.  Specifically,
14  the portions to be redacted are as follows:
15      Jacobs' Reply:
16         Page 2, lines 21-26, following "stake in this action because" to "ACE did not
17            settle";
18         Page 3, lines 1-5, following "underlying settlements." to end of paragraph;
19         Page 6, lines 6-24, following "(Doc. No. 20 [Opposition], at 5.)" to end; and
20         Page 9, lines15 to 16, following "affect Jacobs." to before "Thus, Jacobs does not
21            . . . ."
22      Plaintiff's Opposition:
23         Page 3, lines 9-15, from beginning of paragraph to before  "Each of the
24            Underlying Actions . . .";
25         Page 3, lines 17-26, following "settle these actions." to end; and
26         Page 4, lines 1-5.

6

Jacobs has not shown good cause for sealing its response to the court's order to show cause, nor does this document contain information that qualifies for redaction; Jacobs' request to seal is denied as to its response to the order to show cause.

III. CONCLUSION

Accordingly, Jacobs' requests to seal the ACE American Insurance Company Commercial General Liability Policy number HDO G23741295, for the policy period July 1, 2008 to July 1, 2009, issued to Jacobs as the named insured, the Erickson and Beckmann declarations, its reply, and the Erickson declaration supporting its response to the order to show cause are granted as set forth above. Plaintiff's request to remove its opposition from the public docket and refile it under seal is also granted as set forth above. The parties shall file these documents under seal in accordance with Local Rule 141(e)(2). The parties shall also file redacted versions of both Erickson declarations, the Beckmann declaration, plaintiff's opposition and Jacobs' reply on the public docket. Jacobs' request to seal its response to the court's order to show cause is denied.

IT IS SO ORDERED.

DATED: August 21, 2012.

UNITED STATES DISTRICT JUDGE