IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE COMPANY,

Plaintiff,

No. CIV-S-11-0881 KJM-DAD

vs.

ACE AMERICAN INSURANCE COMPANY,

ORDER

Defendant.

_______________________________________/

JACOBS ENGINEERING GROUP, INC.,

Defendant-in-Intervention.

_______________________________________/

This matter is before the court on Jacobs Engineering Group, Inc.'s ("Jacobs"), motion to intervene. (ECF 17.) This matter was submitted without a hearing. For the following reasons, Jacobs' motion to intervene is GRANTED.

I. FACTS & PROCEDURAL HISTORY

On April 1, 2011, plaintiff filed a complaint for equitable indemnity, contribution, subrogation and declaratory relief against defendant, ACE American Insurance Co., stemming from plaintiff's payment of over $2.6 million to settle three state court lawsuits ("underlying

actions"), as well as attorneys' fees and costs on behalf of the County of San Luis Obispo ("County") and the San Luis Obispo County Flood Control and Water Conservation District ("District").[1] (Compl., ECF 1.) These underlying actions stem from an October 2, 2008 accident involving three employees of plaintiff's named insured, Teichert, Inc. ("Teichert"), who "were assisting with the installation of a 30" underground pipeline [when] an excavator accidentally severed a high-pressure water line which flooded the trench" leading two employees to drown and the third to allegedly sustain physical and emotional injuries. (*Id.* ¶¶ 9, 12.)

On or about November 14, 2006, the District and Jacobs, the parent company of Jacobs Civil, Inc. and engineer and construction manager of the pipeline project, entered into an agreement governing the project. (ECF 1 ¶¶ 10, 16.) The agreement provided that Jacobs would procure Commercial General Liability Insurance and would name the District and County as Additional Insureds. (*Id.* ¶ 20.) Jacobs procured said insurance from defendant ("Policy"). (*Id.* ¶ 37.) On or about August 28, 2007, the District entered into an agreement with Teichert to perform construction services for the project. (*Id.* ¶ 23.) The agreement provided that Teichert would procure Comprehensive General Liability insurance naming the District, the County, and Jacobs as Additional Insureds. (*Id.* ¶ 27.) Teichert procured said insurance from plaintiff. (*Id.* ¶ 30.)

Jacobs filed the present motion to intervene on February 24, 2012. (ECF 17.) Plaintiff filed its opposition on March 6, 2012 (ECF 20; redacted version, ECF 43) and defendant filed a statement of non-opposition on March 9, 2012 (ECF 22). Jacobs submitted its reply along with a notice of request to seal the reply on March 16, 2012.[2] (ECF 24.)

---

[1] *Arriaga, et al. v. Jacobs Engineering Group, Inc., et al.*, Sacramento County Superior Court case number 34-2009-00059503; *Cooper v. City of El Paso de Robles, et al.*, San Luis Obispo County Superior Court case number CV 098360; and *Limon v. Jacobs Engineering Group, Inc., et al.*, San Luis Obispo County Superior Court case number CV 098167.

[2] This request was granted in part on August 21, 2012 and Jacobs filed a redacted reply on August 27, 2012. (ECF 42; ECF 49.)

## II. ANALYSIS

### A. Standard

Federal Rule of Civil Procedure 24(a)[3] provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The court applies a four-part test to determine whether intervention of right is proper under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) ("*Berg*"). Although Rule 24(a) is construed "liberally in favor of potential intervenors," it is the proposed intervenor's burden to show that it satisfies this test. *Id.* at 818.

### B. Application

#### 1. Timeliness

The determination of timeliness is left to the court's discretion and is "a flexible concept." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004); *see also Cummings v. United States*, 704 F.2d 437, 439 (9th Cir. 1983) (motion to intervene timely despite being heard two weeks date set for close of discovery). "Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length

---

[3] As the court grants Jacobs' motion based on Rule 24(a), it does not consider arguments related to permissive intervention in accordance with Rule 24(b).

of the delay.'" *Alisal Water Corp.*, 370 F.3d at 921 (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)).

Plaintiff argues that Jacobs' motion is untimely as it was filed ten months after the complaint and noticed for hearing nine weeks before the close of non-expert discovery. (ECF 20 at 4.) Jacobs argues that at the time it filed the present motion, written discovery had recently commenced, no depositions had been taken, and no motions had been made (ECF 17 at 7); furthermore, defendant was not served until July 22, 2011, seven months before Jacobs filed this motion. (ECF 49 at 4.) Moreover, Jacobs contends it could not seek to intervene until a protective order governing discovery was adopted, to ensure the maintenance of confidentiality of the Policy between Jacobs and defendant; said order was filed on November 18, 2011. (ECF 17 at 7.)

While the discovery cut-off date was set for May 30, 2012 at the time this motion was filed, Jacobs did not request to continue this date in its motion to intervene and, although the complaint was filed ten months earlier, the present motion was filed in the early stages of litigation. Plaintiff has failed to show it would be prejudiced by allowing this intervention. Further, any delay in filing this motion was supported by Jacobs' desire to protect its agreement with defendant. In addition, since the filing of this motion, the court has granted defendant's request for modification of the scheduling order, which reset the close of non-expert discovery to November 30, 2012, expert discovery to February 15, 2013, hearing of dispositive motions to April 12, 2013, and trial to August 19, 2013, thus eliminating any potential prejudice to plaintiff. (ECF 34.) For these reasons, the court finds the motion to intervene is timely.

2. Proposed Intervenor's Interests

If a proposed intervenor shows that its interest is "protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue," it has shown it has a significantly protectable interest supporting the request to intervene. *Berg*, 268 F.3d at 818. The intervenor can satisfy the "protectable under some law" prong of this test

by showing that the interest is protectable under any statute, not necessarily the one under which the litigation is brought." *Alisal Water Corp.*, 370 F.3d at 919. If the party relies on an economic interest, it "must be concrete and related to the underlying subject matter of the litigation." *Id*. The intervenor satisfies the "relationship" requirement if the resolution of the underlying litigation "actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998). In making this determination, the court must "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Berg*, 268 F.3d at 820.

Jacobs contends, and its attachments support, that it will be directly affected by an award for plaintiff. (ECF 17 at 8; *see, e.g.*, Beckmann Decl. ¶ 5, filed under seal.) Plaintiff counters that Jacobs does not have the interest it claims with respect to the settlements of the underlying claims. (ECF 20 at 3.) The court does not consider plaintiff's factual and legal arguments here; rather, it considers Jacobs' nonclusory allegations, pleadings, and declarations. *See Berg*, 268 F.3d at 820. Jacobs has shown its economic interest in this matter is concrete and related to the underlying subject matter of this litigation and that the underlying litigation will actually affect it. This factor weighs in favor of intervention.

3. Impairment of Intervenor's Interests

"'If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Berg*, 268 F.3d at 822 (quoting FED. R. CIV. P. 24 advisory committee notes) (alteration omitted). There is no requirement that the party seeking to intervene show "an absolute certainty" that its interests will be impaired in support of its request. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011).

Jacobs contends that if plaintiff prevails and is awarded damages, it will be substantially affected as "an award against ACE in this matter would effectively be an award

against Jacobs." (ECF 17 at 9-10.) There are no other means for Jacobs to protect its interests than through intervention. *See Alisal Water Corp.*, 370 F.3d at 921. This factor weighs in favor of intervention.

4. Inadequacy of Representation by Existing Parties

The court must consider three factors when evaluating the adequacy of representation: (1) whether the present parties will "undoubtedly make all of the intervenor's arguments;" (2) whether the present parties can and will make those arguments; and (3) whether the proposed intervenor "offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). The most important factor is "how the interest compares with the interest of existing parties," *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), because "[i]f an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." *Citizens for Balanced Use*, 647 F.3d at 898. To rebut this presumption, the proposed intervenor must make a "very compelling" showing of inadequacy. *Id.*; *Arakaki*, 324 F.3d at 1086. However, where the interests of the proposed intervenor and present party are not identical, the burden on the proposed intervenor "in showing inadequate representation is minimal, and would be satisfied if [it] could demonstrate that representation of [it] interests 'may be' inadequate." *Id.* (citation omitted).

Jacobs contends a successful verdict for plaintiff will result in greater economic harm to itself than to defendant and defendant does not "share the same motivation or incentive to defeat Zurich's complaint" as Jacobs. (ECF 17 at 10.) Moreover, Jacobs contends it is significantly more familiar with the underlying contracts and lawsuits than defendant. (*Id.*) In addition, Jacobs contends, it can present factual and legal defenses and claims for indemnity that defendant cannot. (*Id.* at 11.) Plaintiff contends Jacobs and defendant share an ultimate objective – to disclaim coverage. (ECF 20 at 5.)

/////

Jacobs has shown that it does not have identical interests to defendant; although they may share the objective of defeating plaintiff's suit, Jacobs' stake is significantly greater. However, even if the higher "very compelling" showing is the applicable burden as opposed to a minimal showing, Jacobs has shown it is in a position to raise defenses defendant cannot. Moreover, given its involvement in the original project this litigation stems from, Jacobs is in a position to "offer any necessary elements to the proceedings that other parties would neglect." *Arakaki*, 324 F.3d at 1087. Thus, Jacobs has demonstrated its interests may not be adequately represented by defendant.

C. Limitations

Plaintiff contends the resolution of new issues, including whether an award against defendant will negatively affect Jacobs, would require additional time and discovery. (ECF 43 at 8-9.) Jacobs contends whether an award against defendant will significantly affect Jacobs is not in dispute as between Jacobs and defendant. (ECF 49 at 9.) Moreover, Jacobs contends its financial interests are directly implicated. (*Id.*) Plaintiff has not demonstrated the need for a limiting order or that Jacobs will attempt to interject issues into this matter. Accordingly, the court will not limit the scope of Jacobs' intervention.

III. CONCLUSION

For the foregoing reasons, Jacobs' motion to intervene is GRANTED. Should plaintiff seek to modify its motion to amend the complaint and/or its proposed first amended complaint, it shall indicate on the docket its intent to do so within seven days of the filing of this order and renotice its modified motion or motion to amend with modified proposed first amended complaint within fourteen days of the filing of this order.

IT IS SO ORDERED.

DATED: August 31, 2012.

UNITED STATES DISTRICT JUDGE