IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZURICH AMERICAN INSURANCE
COMPANY,

      Plaintiff,                              No. CIV-S-11-0881 KJM-DAD

      v.

ACE AMERICAN INSURANCE              ORDER
COMPANY,

      Defendant.
_____/

JACOBS ENGINEERING GROUP, INC.,

      Defendant-in-Intervention
_____/

      This matter came before the court on August 31, 2012, for hearing of a motion to retain confidentiality (Doc. No. 35) and request to seal (Doc. No. 36) filed by defendant ACE American Insurance Company and defendant-in-intervention Jacobs Engineering Group, Inc. On September 7, 2012, the court granted the motion to retain confidentiality filed by defendant ACE American Insurance Company and defendant-in-intervention Jacobs Engineering Group, Inc., ("defendants") and ordered defendants to submit proposed redacted documents for the

1  undersigned's consideration on or before September 7, 2012.  (Doc. No. 56 at 2.)  On September
2  6, 2012, defendants submitted the proposed redacted documents for the court's review.  Plaintiff
3  received a copy of the proposed redacted documents and has not filed any opposition in response.
4           There is a presumption in favor of public access to court records.  See Phillips v.
5  Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial records is
6  not absolute."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).
7  The Ninth Circuit has distinguished between the public's interest in accessing court records filed
8  in connection with nondispositive and dispositive motions.  See Phillips, 307 F.3d 1206; Foltz v.
9  State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003); Kamakana, 447 F.3d at 1172; In
10 re Midland Nat'l Life Ins. Co., 686 F.3d 1115 (9th Cir. 2012).  To seal documents filed in
11 connection with a dispositive motion, parties must show there are "compelling reasons" for doing
12 so.  Kamakana, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with
13 respect to sealing.").  To demonstrate compelling reasons, a party is "required to present
14 articulable facts identifying the interests favoring continued secrecy and to show that these
15 specific interests [overcome] the presumption of access by outweighing the public interest in
16 understanding the judicial process."  Id. at 1181 (internal citations, quotation marks, and
17 emphasis omitted).  "When sealing documents attached to a dispositive pleading, a district court
18 must base its decision on a compelling reason and articulate the factual basis for its ruling,
19 without relying on hypothesis or conjecture."  Id.  at 1182 (internal citation, quotation marks, and
20 emphasis omitted).  See also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010),
21 cert. denied, Experian Info. Solutions, Inc. v. Pintos, ___ U.S. ___, 131 S. Ct. 900 (2011)
22 (vacating and remanding district court's denial of sealing where court applied good cause
23 standard to documents filed in connection with summary judgment motions).  "In general,
24 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing
25 court records exist when such 'court files might become a vehicle for improper purposes,' such
26 as the use of records to gratify private spite, promote public scandal, circulate libelous

statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 589 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." Id.

On the other hand, parties seeking to file documents under seal in connection with a nondispositive motion must show "good cause" for sealing. Kamakana, 447 F.3d at 1180; In re Midland, 686 F.3d at 1119 ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citing Foltz, 331 F.3d at 1138)). The presumption of public access is rebutted by a showing of good cause because "of the weaker public interest in nondispositive materials," Pintos, 605 F.3d at 678, and "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public [by issuing a protective order] would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." Phillips, 307 F.3d at 1213 (addressing intervenor's request to access confidential settlement information produced during discovery under protective order). See also Foltz, 331 F.3d at 1135; Pintos, 605 F.3d at 678 (discussing parties' interest in keeping sealed discovery documents under seal in light of the public's lesser interest in nondispositive motions); Kamakana, 447 F.3d at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result . . . . If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1210-11 (citations omitted).

Here, defendants' underlying motion to retain confidentiality is not dispositive, in that it will not affect the outcome of this suit and is "not directly relevant to the merits of the case . . ." Zurich American Ins. Co. v. ACE American Ins. Co., No. CIV S-11-0881 KJM DAD, 2012 WL 3638467, at *3 (E.D. Cal. Aug. 21, 2012). Therefore, the court considers whether the parties

1  have shown good cause for sealing the documents at issue.  <u>Foltz</u>, 331 F.3d at 1135.

2  Upon consideration of the parties' arguments, the court finds that defendants have
3  shown that good cause exists for filing under seal a copy of the ACE American Insurance
4  Company Commercial General Liability Policy No. HDO G23741295, (Ex. B to Request to
5  Seal), and The "Agreement Between You and Us," (Ex. C to Request to Seal).

6  Moreover, the court finds that defendants have shown that good cause exists for
7  filing the proposed redacted versions of the Memorandum of Points and Authorities in Support
8  of Joint Motion to Retain Confidentiality (Ex. A to Request to Seal), the Declaration of Robert
9  Erickson, dated June 26, 2012, in support of the Joint Motion to Retain Confidentiality (Ex. D.
10 To Request to Seal), and the Proposed Stipulation containing policy terms of the ACE Policy,
11 (Ex. E. To Request to Seal.).  Unredacted versions of these documents shall also be filed under
12 seal.

13 IT IS SO ORDERED.

14 DATED: September 27, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:6
Ddad1\orders.civil\zurich0881.redact.ord

4